```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____          │
│ DATE FILED: __9/19/2023__            │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER KANE,

                         Plaintiff,

     -against-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

No. 22 Civ. 7005 (NSR) (AEK)
ORDER ADOPTING REPORT AND
RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

Plaintiff Christopher Kane ("Plaintiff") commenced this action on August 17, 2022, under 42 U.S.C. § 405(g), challenging the decision of the Commissioner of Social Security (the "Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act (the "Act") (ECF No. 1). This case was referred to Magistrate Judge Andrew E. Krause under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) (ECF No. 8). Presently before the Court is Judge Krause's Report and Recommendation ("R&R") on the Plaintiff's motion for judgment on the pleadings (ECF No. 15) and Commissioner's cross-motion for judgment on the pleadings (ECF No. 18). (R&R, ECF No. 21). Therein, Judge Krause recommends the Court to grant Plaintiff's motion for judgment on the pleadings, to deny the Commissioner's cross-motion, and to remand this case to the Commissioner for further proceedings. (*Id.*) For the following reasons, the Court ADOPTS Judge Krause's R&R in its entirety, GRANTS the Plaintiff's motion, DENIES the Commissioner's cross-motion, and REMANDS the matter to the Social Security Administration for further proceedings.

## BACKGROUND

The following facts are summarized and taken from the administrative record, the parties' motion papers, and the R&R.

Plaintiff applied for a period of disability and DIB on June 1, 2020, alleging a disability onset date of July 11, 2019 as a result of post-concussion syndrome, back injury, nerve damage, depression, whiplash, and anxiety. The Commissioner denied the application on November 18, 2020, after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff, represented by counsel, appeared at a hearing before the ALJ on July 30, 2021. On September 27, 2021, the ALJ issued a decision denying Plaintiff's claim. Plaintiff subsequently requested review by the Appeals Council, which in turn denied the request on June 14, 2022.

On June August 17, 2022, Plaintiff commenced the instant action challenging the administrative decision of the Commissioner denying his application for a period of disability and DIB. (ECF No. 1.) On August 26, 2022, this action was referred to Judge Krause. On February 27, 2023, the Plaintiff moved for judgment on the pleadings against the Commissioner, arguing that the ALJ's decision should be reversed because it is not supported by substantial evidence and free of legal error and to remand this action for further administrative proceedings. (ECF No. 16.) On April 27, 2023, the Commissioner cross-moved for judgment on the pleadings against Plaintiff, asking the Court to affirm the ALJ's decision because it is, the Commissioner argues, supported by substantial evidence and free of legal error. (ECF No. 19.) On May 19, 2023, the Plaintiff replied. (ECF No. 20.) On July 26, 2023, Judge Krause issued the instant R&R recommending the Court to grant the Plaintiff's motion, to deny the Commissioner's cross-motion, and to remand the case back to the Social Security Administration for further proceedings.

**STANDARD**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate,

proposed findings of fact." Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).

To the extent a party makes specific objections to an R&R, a district court must review those parts *de novo*. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Mate Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In *de novo* review, district courts must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5Q66, 2008 WL 772568,

3

at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Here, Judge Krause issued the R&R on July 26, 2023. The parties had until August 9, 2023, to file objections, but neither filed any. In the absence of any objections, the Court has reviewed Judge Krause's R&R and found no clear error.

As Judge Krause more fully discussed in the R&R, the ALJ made two discrete legal errors when reaching their decision: First, the ALJ applied the incorrect standard when assessing and evaluating Plaintiff's subjective statements regarding his symptoms. Second, the ALJ also erred in their assessment of the medical opinion evidence.

As to the first error, despite Plaintiff's testimony at the hearing before the ALJ and repeated reports when visiting physicians—supported by treatment notes—that Plaintiff was experiencing high levels of pain, particularly in his neck and lower back, the ALJ's finding that Plaintiff's statements on their intensity, persistence, and limiting effects were not consistent with the medical evidence on the record. (R&R at p.21.) In particular, the ALJ did not specify how Plaintiff's contentions were inconsistent with the record and failed to discuss any of the factors listed in 29 C.F.R. § 404.1529(c)(3) that are used to assess the available evidence of such symptoms. (*Id.* at pp.19-21.) Moreover, the ALJ failed to specify the weight afforded Plaintiff's subjective statements when making their decision. (*Id.* at pp. 21-22.)

Regarding the second error, the ALJ erred in their analysis of the medical opinion from one Dr. Aydin. (*Id.* at pp.22-24.) Notably, as it pertains the supportability and consistency of Dr.

Aydin's opinion—the "most important factors" used in evaluating a medical opinion—the ALJ failed to discuss the "medical / clinical findings Dr. Aydin included in the questionnaire as specific support for his opinions, in the section of the form that directed the provider to include such findings." (*Id.* at pp.23-24) (internal quotations and citations omitted). By failing to address those answers, it was unclear whether the "ALJ overlooked those responses or did not find [them] satisfactory." (*Id.* at p. 24) (internal quotations and citations omitted). Further, the ALJ failed to discuss the entirety of Dr. Aydin's opinion, failing to account for the persuasiveness of Dr. Aydin's findings regarding the Plaintiff's ability to walk, sit, climb, bend, stoop, crouch, kneel, crawl, and reach. (*Id.*). The Court agrees with Judge Krause's statement that these omissions are "particularly problematic given that many of these opinions are consistent with the Plaintiff's subjective statements regarding his symptoms." (*Id.*).

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Krause's R&R in its entirety. Accordingly, the Court GRANTS Plaintiff's motion for judgment on the pleadings, DENIES the Commissioner's cross-motion for judgment on the pleadings, and REMANDS this case to the Social Security Administration for further proceedings consistent with Judge Krause's R&R. The Court finally directs the Clerk of Court to terminate the motions at ECF Nos. 15 & 18 and to terminate this action.

Dated:  September 19, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE